UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA          :
                                  :   CONSENT PRELIMINARY ORDER
        - v. -                    :   OF FORFEITURE AS TO
                                  :   SPECIFIC PROPERTY
HODAYAH JOHNSON,                  :
                                  :   19 Cr. 170 (CS)
                    Defendant.    :
                                  :
- - - - - - - - - - - - - - - - - - x

WHEREAS, on or about March 11, 2019, HODAYAH JOHNSON (the "defendant"), was charged in a one-count Indictment, 19 Cr. 170 (CS) (the "Indictment"), with possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses alleged in Count One of the Indictment that the defendant personally obtained;

WHEREAS, on or about August 20, 2019, the defendant pled guilty to Count One of the Indictment;

WHEREAS, the defendant consents to the forfeiture of all his right, title and interest in 2015 Honda Crosstour Hatchback, VIN: 5J6TF2H57FL004250, seized by the Government on February 14, 2019 in Hyde Park, New York (the "Specific Property"), which constitutes property used to facilitate the offense charged in Count One of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney, Lindsey Keenan of counsel, and the defendant, and his counsel, Geoffrey St. Andrew Stewart, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the defendant pled guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance

with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the defendant, HODAYAH JOHNSON, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the

Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

8. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

9. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.


(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

10. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____  9/30/2019
    LINDSEY KEENAN                   DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (914) 993-1907


HODAYAH JOHNSON

By: _____  _____
    HODAYAH JOHNSON                  DATE

By: _____  _____
    GEOFFREY ST. ANDREW STEWART, ESQ.  DATE
    Attorney for Defendant
    139 Fulton Street, Suite 508
    New York, NY 10038


SO ORDERED:

_____  12/12/19
HONORABLE CATHY SEIBEL          DATE
UNITED STATES DISTRICT JUDGE